**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

<u>Southern</u>                    District of <u>New York</u>
                                              (State)

Case number *(if known)*: <u>17-</u>                    Chapter <u>11</u>

☐ Check if this is an
   amended filing

# Official Form 201

## Voluntary Petition for Non-Individuals Filing for Bankruptcy                    12/15

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | |
|---|---|
| **1. Debtor's name** | <u>CACH, LLC</u> |
| **2. All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | <u>Fresh View Funding</u> |
| **3. Debtor's federal Employer Identification Number** (EIN) | <u>20-2536162</u> |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| <u>6300</u>    <u>South Syracuse Way</u><br>Number    Street | <br>Number    Street |
| <u>Suite 300</u> | |
| <u>Centennial</u>    <u>Colorado</u>    <u>80111</u><br>City    State    ZIP Code | <br>City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| <u>Arapahoe County</u><br>County | <u>See Attachment A</u><br>Number    Street |
| | <br>City    State    ZIP Code |

**5. Debtor's website** (URL)    <u>http://www.squaretwofinancial.com</u>

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify:

| 7. | Describe debtor's business | A. *Check one:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/
5614

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11.   *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101 (51 D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.   District _____   When _____   Case number _____
                                           MM / DD / YYYY
         District _____   When _____   Case number _____
                                           MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.   Debtor  See Attachment A                    Relationship  Affiliate
         District  Southern District of New York      When  Date Hereof
                                                              MM / DD / YYYY
         Case number, if known  Pending

Debtor    CACH, LLC _____    Case number *(if known)* 17-_____
            Name

---

**11. Why is the case filed in *this district*?**    *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**    _____
                              Number        Street

                              _____
                              City                          State      ZIP Code

**Is the property insured?**
☐ No
☐ Yes.    Insurance agency    _____
          Contact name        _____
          Phone               _____

---

## Statistical and administrative information

---

**13. Debtor's estimation of available funds**    *Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors***

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets***

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

---

Debtor   CACH, LLC                                                                                Case number (if known)  17-
         Name

| 16. | **Estimated liabilities*** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|---|
| | | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

* Information provided on a consolidated basis, and based on financial statements as of January 31, 2017.

---

## Request for Relief, Declaration, and Signatures

**WARNING** --   Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to
$500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   03 / 19 / 2017
              MM / DD / YYYY

✗  /s/ J.B. Richardson, Jr.                                         J.B. Richardson, Jr.
   Signature of authorized representative of debtor                 Printed name

   Title  Authorized Signatory

---

| 18. | **Signature of attorney** | ✗  /s/ Matthew A. Feldman | Date  03 / 19 / 2017 |
|---|---|---|---|

   Signature of authorized representative of debtor                 MM / DD / YYYY

   Matthew A. Feldman
   Printed name

   Willkie Farr & Gallagher LLP
   Firm name

   787          Seventh Avenue
   Number       Street

   New York                                              NY          10019
   City                                                  State       ZIP Code

   (212) 728-8000                                        mfeldman@willkie.com
   Contact phone                                         Email address

   2506020                                               New York
   Bar number                                            State

---

## <u>ATTACHMENT A TO VOLUNTARY PETITION</u>

**1. Pending Bankruptcy Cases Filed by Affiliates of the Debtor**

Concurrently herewith, each of the affiliated entities listed below, including the Debtor filing this petition (collectively, the "**<u>Debtors</u>**"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.

| | |
|---|---|
| Astrum Financial, LLC | Collect America of Canada, LLC |
| Autus, LLC | Healthcare Funding Solutions, LLC |
| CACH, LLC | Metropolitan Legal Administration Services, Inc. |
| CACV of Colorado, LLC | Orsa, LLC |
| CACV of New Jersey, LLC | Preferred Credit Resources Limited |
| CA Internet Marketing, LLC | ReFinance America, Ltd. |
| Candeo, LLC | SquareTwo Financial Canada Corporation |
| CCL Financial Inc. | SquareTwo Financial Corporation |
| Collect Air, LLC | SquareTwo Financial Services Corporation |

Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that this Court consolidate their chapter 11 cases for procedural purposes only.

**2. Location of the Debtors' Principal Assets (on a Consolidated Basis)**

| Address |
| --- |
| 6300 South Syracuse Way, Suite 300<br>Centennial, CO 80111 |
| 6300 South Syracuse Way, Suite 200<br>Centennial, CO 80111 |
| 8363 South Peoria Street<br>Englewood, CO 80112 |
| 10865 Grandview Drive<br>Overland Park, KS 66210 |
| 4513 Western Avenue<br>Lisle, IL 60532 |
| 17345 Leslie Street, Suite 300<br>Newmarket, ON L3Y 0A4<br>Canada |
| 505 Boulevard Rene Levesque Ouest, #1504<br>Montreal, QC H2Z 1Y7<br>Canada |
| Debt collection license issued by:<br>New York City Department of Consumer Affairs<br>42 Broadway<br>New York, NY 10004 |

**WRITTEN CONSENT OF**

**THE MEMBERS OF**

**THE ENTITIES LISTED IN SCHEDULES I AND II HERETO**

March 19, 2017

The undersigned, constituting all of the members (the "Members") of each entity listed in Schedules I and II hereto (each entity, a "Company" and together, the "Companies"), hereby consent, pursuant to the relevant law, to the adoption of the resolutions set forth below, effective as of the date set forth above unless otherwise indicated below:

**WHEREAS**, as a result of the financial condition of the Companies, the Companies have engaged counsel and financial advisors to provide advice to the Companies regarding the Companies' obligations to their respective creditors, equity holders, employees and other interested parties;

**WHEREAS**, the Companies have reviewed and considered, among other things, the advice of their counsel and financial advisors and have considered the options available to the Companies, and have determined that, in their business judgment, it is advisable and in the best interests of the Companies, their creditors, equity holders, employees and other interested parties that each Company voluntarily file a petition (a "Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and an application (an "Application") for a recognition proceeding under Part IV of the *Companies' Creditors Arrangement Act* in Canada (the "CCAA Proceeding");

**WHEREAS**, as of March 3, 2017, the Companies entered into that certain Restructuring Support Agreement, by and among the Companies, Resurgent Holdings LLC ("Plan Investor"), and those certain signatories thereto (as amended, supplemented, or otherwise modified, the "Restructuring Support Agreement") and that certain Plan Funding Agreement, by and among Plan Investor and those certain signatories thereto (as amended, supplemented, or otherwise modified, the "Plan Funding Agreement"), which provide, *inter alia*, that the Companies shall consummate a restructuring transaction through the filing of prepackaged chapter 11 bankruptcy cases under chapter 11 of the Bankruptcy Code in the United States (each, a "Chapter 11 Case" and, together with the CCAA Proceeding, the "Bankruptcy Cases") and through the CCAA Proceeding in Canada;

**WHEREAS**, after consultation with their counsel and financial advisors, the Companies believe that it is advisable and in the best interests of the Companies to enter into and obtain loans pursuant to the DIP Credit Agreement (as defined herein) and to consummate the transactions contemplated thereby;

**WHEREAS**, the Companies executed that certain *Joint Prepackaged Chapter 11 Plan for SquareTwo Financial Services Corporation and Its Affiliated Debtors* (the "Plan"), pursuant to which the Companies, *inter alia*, are implementing the Plan Funding Agreement; and

**WHEREAS**, the Companies commenced a solicitation of votes on the Plan by causing that certain *Disclosure Statement for Joint Prepackaged Chapter 11 Plan for SquareTwo Financial Services Corporation and its Affiliated Debtors*, (the "Disclosure Statement"), to be distributed to the lenders under (i) that certain Financing Agreement, dated as of May 24, 2016, by and among the Companies, the lenders party thereto, and Cerberus Business Finance, LLC, as Administrative and Collateral Agent, (ii) that certain 1.25 Lien Credit Agreement, dated as of May 24, 2016, by and between the Companies, the Loan Parties thereunder, the lenders party thereto, and Cortland Capital Market Services, LLC, as Administrative Agent, and (iii) that certain 1.5 Lien Credit Agreement, dated as of May 24, 2016, by and between the Companies, the Loan Parties thereunder, the lenders party thereto, and Cortland Capital Market Services, LLC, as Administrative Agent.

**NOW THEREFORE**, it is hereby:

**RESOLVED**, that the filing by each Company of its Petition, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), substantially in the form previously presented to the Companies, is hereby approved, confirmed and adopted in all respects; and it is further

**RESOLVED**, that the filing by each Company of its Application for recognition of the Chapter 11 Cases in the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), substantially in the form previously presented to the Companies, is hereby approved, confirmed and adopted in all respects; and it is further

**RESOLVED**, that each of the officers of the Companies, including any president, vice president, chairman, managing director, executive vice president, chief executive officer, chief financial officer, chief operating officer, treasurer, secretary or assistant secretary (each of the foregoing, individually, an "Authorized Officer" and, together, the "Authorized Officers") be and they hereby are authorized, empowered and directed to execute and file a Petition on behalf of each Company in order to seek relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and it is further

**RESOLVED**, that each of the Authorized Officers be and hereby is authorized, empowered and directed to execute and file an Application on behalf of each Company in order to seek recognition of the Chapter 11 Cases in Canada under Part IV of the CCAA in the Canadian Court; and it is further

**RESOLVED**, that each of the Authorized Officers be and hereby is authorized, empowered and directed, in the name and on behalf of the Companies, to execute and file all petitions, schedules, motions, lists, applications, pleadings, declarations, affidavits and other papers as required to accompany the Petitions or the Applications, or seek entry of first day orders, and, in connection therewith, to employ and retain assistance of legal counsel, accountants, financial advisors and other professionals, and to take and perform any and all further acts and deeds that they deem necessary, proper or desirable in connection with, or in furtherance of, the Petitions, the Applications, or the Bankruptcy Cases, with a view to the successful prosecution of such cases; and it is further

**RESOLVED**, that the Companies are authorized to employ the law firm of Willkie Farr & Gallagher LLP, located at 787 Seventh Avenue, New York, New York 10019, as bankruptcy counsel to render legal services to, and to represent, the Companies in the Chapter 11 Cases and in any and all related proceedings, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the Companies are authorized to employ the law firm of Thornton Grout Finnigan LLP, located at 100 Wellington Street West, Suite 3200, Toronto-Dominion Centre, Toronto, ON M5K 1K7 Canada, as bankruptcy counsel to render legal services to, and to represent, the Companies in their CCAA Proceeding and in any and all related proceedings, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the Companies are authorized to employ Keefe, Bruyette & Woods, Inc., located at 787 Seventh Avenue, New York, NY 10019, as investment banker for the Companies in their Bankruptcy Cases, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the Companies are authorized to employ Miller Buckfire & Co., located at 787 Seventh Avenue, New York, NY 10019, as investment banker for the Companies in their Bankruptcy Cases, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the Companies are authorized to employ Prime Clerk LLC, located at 830 Third Avenue, New York, NY 10022, as claims, noticing, and solicitation agent for the Companies in the Bankruptcy Cases, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that each of the Authorized Officers be and hereby is authorized, empowered and directed to retain on behalf of the Companies such other professionals as they deem necessary, appropriate or desirable, upon such terms and conditions as they shall approve, to render services to the Companies in connection with their Bankruptcy Cases and with respect to other related matters in connection therewith, subject to Bankruptcy Court approval, if required; and it is further

**RESOLVED**, that each of the Authorized Officers be and hereby is authorized, empowered and directed, as the Directors so previously authorized, empowered and directed, in the name of each Company, to cause each Company to, as applicable, enter into, execute and deliver all documents and take all actions necessary, proper or desirable to consummate the transactions contemplated by the Restructuring Support Agreement, Plan Funding Agreement, the Plan, the Disclosure Statement (together with the Restructuring Support Agreement, Plan Funding Agreement and Plan, the "Transaction Documents"), each substantially in the form previously presented to the Companies, and to effectuate the foregoing, cause each Company to enter into such loan agreements, documents, notes, guaranties, security agreements, pledge agreements, and all other documents, agreements, or instruments as may be deemed necessary or appropriate by the Authorized Officers or otherwise described in or contemplated by the Transaction Documents (including, without limitation, the DIP Credit Agreement and the other Loan Documents (each as defined below)); and it is further

- 3 -

**RESOLVED**, that the form, terms and provisions of (i) that certain Senior Secured Super-Priority Debtor-in-Possession Financing Agreement (as amended, supplemented, or otherwise modified, the "<u>DIP Credit Agreement</u>") to be entered into by and among SquareTwo Financial Corporation, SquareTwo Financial Services Corporation, CACH, LLC (collectively, the "<u>Borrowers</u>"), each of the Companies, as Guarantors, the lenders from time to time party thereto (collectively, the "<u>Lenders</u>"), and Cerberus Business Finance, LLC, as administrative agent and as collateral agent for such Lenders (in such capacities, the "<u>DIP Agent</u>"), substantially in the form presented to the Companies, with such changes therein and additions thereto as the Authorized Officers executing the same shall approve, the execution thereof by an Authorized Officer to be deemed conclusive evidence of such approval, whereby the lenders party thereto agree to extend loans to the Borrowers and (ii) the other Loan Documents (as hereinafter defined), including, without limitation, any exhibits, appendices and schedules thereto, all transactions contemplated thereby and all actions taken by the Authorized Officers in connection therewith, in each case be, and hereby are, authorized, approved and ratified in all respects with such modifications, changes, additions and deletions thereto as may be approved or deemed necessary, desirable, convenient, advisable or appropriate by an Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval, necessity, desirability, convenience, advisability or appropriateness; and be it further

**RESOLVED**, that the execution and delivery of the DIP Credit Agreement and the other Loan Documents, and the performance by the Companies of their obligations thereunder, including, without limitation, the granting, ratification or reaffirmation of any security interest, mortgage or lien, or the provision of any guarantee, as applicable, in each case, as contemplated by or in connection with the DIP Credit Agreement and the other Loan Documents, hereby are expressly authorized, adopted, confirmed, ratified and approved, and such approval is intended to and shall constitute all authorization and approval required by the Members; and it is further

**RESOLVED**, that each of the Authorized Officers be and hereby is authorized to execute, deliver and perform, or cause to be executed, delivered and performed, as applicable from time to time, in the name of and on behalf of the Companies, the DIP Credit Agreement and various other documents, agreements, instruments, questionnaires, papers or writings, as such Authorized Officer determines are necessary, convenient, advisable, appropriate or desirable to effect execution, delivery and performance of the DIP Credit Agreement and the transactions contemplated thereunder as intended by these resolutions, including but not limited to, any UCC financing statements and other instruments, stock powers, bond powers, unit powers, powers of attorney, side letters, notary letters, allonges, waivers, documents, certificates, consents, assignments, notices, affidavits, certificates of officers (including secretary's certificates) and other certificates, control agreements, intellectual property grants, guarantees, pledge agreements and other pledge documents, security agreements and other security documents, ratification agreements and agreements contemplated thereby or executed and delivered in connection therewith (collectively, the "<u>Loan Documents</u>"), in each case, with such changes, additions, modifications, and terms as the Authorized Officers executing the Loan Documents shall approve, with such Authorized Officer's execution thereof to be deemed conclusive evidence of

- 4 -

such approval, and in each case and in connection therewith, with all amendments, amendments and restatements, supplements, renewals, extensions, modifications, substitutions and replacements thereof and each other agreement now existing or hereafter created providing collateral security for payment or performance of the obligations thereunder; and it is further

RESOLVED, that each of the Authorized Officers be and hereby is authorized, directed and empowered, for and on behalf of and in the name of the Companies, to assign, hypothecate, set over, grant security interests in or grant a continuing security interest in, mortgage or pledge any or all of the assets and properties of the Companies, real, personal or mixed, tangible or intangible, now owned or hereafter acquired, and all proceeds of the foregoing, to the DIP Agent as security for the obligations under the DIP Credit Agreement and the other Loan Documents; and it is further

RESOLVED, that to the extent that the approval of any of the Companies in its capacity as a stockholder, shareholder, equity holder, managing member, sole member, general partner, limited partner or member of any person is required for any of the Companies or any such other person to execute, deliver and perform any of its obligations (including the grant of a lien on its assets) under the DIP Credit Agreement or the other Loan Documents, the Members hereby consent thereto; and it is further

RESOLVED, that each of the Authorized Officers be and hereby is authorized to make, execute, file and deliver any and all consents, certificates, documents, instruments, amendments, papers or writings as may be required in connection with or in furtherance of any of the foregoing, and to do any and all other acts necessary or desirable to effectuate the foregoing resolutions, the execution and delivery thereof by such Authorized Officer(s) to be deemed conclusive evidence of the approval by the Members of the terms, provisions and conditions thereof; and it is further

RESOLVED, that any and all past actions heretofore lawfully taken by any officers, directors, members or any authorized persons acting under similar authority, as the case may be, of the Companies in the name and on behalf of the Companies in furtherance of any or all of the preceding resolutions are hereby ratified, confirmed, adopted and approved in all respects; and it is further

## OMNIBUS RESOLUTION

**RESOLVED FURTHER**, that the proper officers of the Companies be, and each of them hereby is, authorized and directed, in the name and on behalf of the Companies, to do and perform all such further acts and things, to execute and/or deliver, and, where necessary or appropriate, file with the appropriate governmental authorities, all such certificates, agreements, documents, instruments, instruments of transfer, receipts and other papers, and to make all such payments and to pay all such taxes and assessments, as any one or more of them, in their sole discretion, shall approve or deem to be necessary or appropriate in order to carry out, comply with and effectuate the reorganization of the Companies, the foregoing resolutions and the transactions contemplated thereby, the taking of such actions to be conclusive evidence of the necessity or appropriateness thereof.

*[Signature page to follow]*

**IN WITNESS WHEREOF**, the undersigned Members of the applicable Company have duly executed this Written Consent as of the date first written above.

**SQUARETWO FINANCIAL CORPORATION**, as the sole member of the entities listed in Schedule I hereto

By:  /s/ J.B. Richardson, Jr.
      Name:  J.B. Richardson, Jr.
      Title:    Chief Operating Officer

**CACV OF COLORADO, LLC**, as the sole member of the entity listed in Schedule II hereto

By:  /s/ J.B. Richardson, Jr.
      Name:  J.B. Richardson, Jr.
      Title:    Authorized Signatory

[Signature Page to Written Consent of the Listed Members (Chapter 11)]

## Schedule I

ASTRUM FINANCIAL LLC
AUTUS, LLC
CACH, LLC D/B/A FRESH VIEW FUNDING
CACV OF COLORADO, LLC
CA INTERNET MARKETING, LLC
CANDEO, LLC
COLLECT AIR, LLC
COLLECT AMERICA OF CANADA, LLC
HEALTHCARE FUNDING SOLUTIONS, LLC
ORSA, LLC

## **Schedule II**

CACV OF NEW JERSEY, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
In re:                                        :        Chapter 11
                                              :
CACH, LLC,                                    :        Case No. 17-_____  (      )
                                              :
                    Debtor.                   :        (Joint Administration Pending)
-------------------------------------------------------x

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 30 LARGEST UNSECURED CLAIMS

Set forth below is the list (the "**Top 30 List**") of creditors that hold, based upon information presently available and belief, the thirty (30) largest unsecured claims against CACH, LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**").  This list has been prepared on a consolidated basis, from the Debtor's and each of its affiliated debtor's books and records.  The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases.  The Top 30 List does not include: (1) persons who come within the definition of an "insider" as set forth in 11 U.S.C. § 101(31), including former directors and/or officers; or (2) secured creditors or partially secured creditors.  The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors.  The information presented herein, including, without limitation: (a) the failure of the Debtors to list any claim as contingent, unliquidated, disputed or subject to a setoff; or (b) the listing of any claim as unsecured, does not constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization, and/or amount of any claim.

[List appears on next page]

Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest**

| Fill in this information to identify the case: |
|---|

Debtor name <u>SquareTwo Financial Services Corporation, et al.</u>

United States Bankruptcy Court for the: <u>Southern</u>            District of <u>New York</u>

            (State)

Case number *(if known):* <u>17-</u>

☐ Check if this is an
amended filing

**Unsecured Claims and Are Not Insiders**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11. U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim[1] | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 **Oracle America, Inc.** Legal Department 500 Oracle Parkway Redwood Shores, CA 94065 | General Counsel T: 303-272-7602 kavitha.venkatesh@ oracle.com | Trade Payable | | N/A | $ 0 | $745,074 |
| 2 **NICE Systems, Inc.** Legal Department 461 From Road, 3rd Floor Paramus, NJ 07652 | General Counsel T: 201-964-2600 ieff.levenberg@nice.com | Trade Payable | | N/A | $ 0 | $339,450 |
| 3 **Lowery, Arthur Todd** c/o Erma Lowery 24 Cherry Lane Drive Englewood, CO 80110 | Arthur Todd Lowery slowery@ lowerylawgroup.com | Note | | N/A | $ 0 | $207,368 |
| 4 **Microsoft Corporation** Legal and Corporate Affairs, Volume Licensing Group One Microsoft Way Redmond, WA 98052 | General Counsel T: 425-703-6512 dhoward@microsoft.com | Trade Payable | | N/A | $ 0 | $142,384 |
| 5 **DMC Portfolio, LLC** c/o Buchanan Street Partners 88 San Clemente Drive, Suite 200 Newport Beach, CA 92660 | Brian Payne T: 949-721-1414 bpayne @buchananstreet.com | Trade Payable | | N/A | $ 0 | $100,093 |

---

[1]    Holders of unsecured deficiency claims as well as insiders, including, any claims of former directors and/or officers, have been excluded from this list.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim[1] | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | **[REDACTED]** | [REDACTED] | Settlement | Contingent | N/A | $ 0 | $88,580 |
| 7 | **U.S. Bancorp** <br><br> c/o U.S. Bank Equipment Finance U.S. Bank National Association P.O. Box 230789 Portland, OR 97281 | Paul Lam T: 949-798-4756 paul.lam@usbank.com | Trade Payable | | N/A | $ 0 | $33,280 |
| 8 | **LexisNexis Risk Solutions** <br><br> 1000 Alderman Drive Alpharetta, GA 30005 | Angela M. DiCenso T: 978-436-0827 angela.dicenso @lexisnexis.com | Trade Payable | | N/A | $ 0 | $25,006 |
| 9 | **Capital One** <br><br> 15070 Capital One Drive, WC7 3rd Floor Richmond, VA 23238 | General Counsel john.finneran @capitalone.com | Refund | | N/A | $ 0 | $20,189 |
| 10 | **MBNA** <br><br> 655 Papermill Road Newark, DE 19711-1322 | General Counsel | Refund | | N/A | $ 0 | $15,851 |
| 11 | **Diesel USA** <br><br> 200 West 19th St. 3rd Floor New York, NY 10011 | General Counsel | Refund | | N/A | $ 0 | $14,134 |
| 12 | **Portfolio Recovery Associates** <br><br> 120 Corporate Blvd., Suite 100 Norfolk, VA 23502 | General Counsel clagow @portfoliorecovery.com | Refund | | N/A | $ 0 | $14,113 |
| 13 | **Cambece, James A.** <br><br> J.A. Cambece Law Office, PC 200 Cummings Center, Suite 173-D Beverly, MA 01915 | James A. Cambece F: 866-200-9330 acambece @cambecelaw.com | Account Profit Participation | Unliquidated | N/A | $ 0 | $13,573 |
| 14 | **ViaWest, Inc.** <br><br> 6400 S. Fiddler's Green Circle Suite 2000 Greenwood Village, CO 80111 | Bill Hueston T: 720-891-1081 bill.hueston@viawest.com | Trade Payable | | N/A | $ 0 | $12,700 |
| 15 | **[REDACTED]** | [REDACTED] | Refund | | N/A | $ 0 | $11,345 |
| 16 | **[REDACTED]** | | Refund | | N/A | $ 0 | $10,260 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim[1] | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | **Arrow Financial Services, LLC**<br><br>5996 W. Touhy Ave. Niles, IL 60714 | General Counsel | Refund | | N/A | $ 0 | $9,621 |
| 18 | **[REDACTED]** | [REDACTED] | Refund | | N/A | $ 0 | $9,526 |
| 19 | **[REDACTED]** | [REDACTED] | Refund | | N/A | $ 0 | $8,855 |
| 20 | **[REDACTED]** | | Refund | | N/A | $ 0 | $7,660 |
| 21 | **CSGA**<br>2361 Wehrle Drive Williamsville, NY 12345 | General Counsel | Refund | | N/A | $ 0 | $7,017 |
| 22 | **[REDACTED]** | [REDACTED] | Refund | | N/A | $ 0 | $6,921 |
| 23 | **[REDACTED]** | [REDACTED] | Refund | | N/A | $ 0 | $6,836 |
| 24 | **[REDACTED]** | [REDACTED] | Refund | | N/A | $ 0 | $6,560 |
| 25 | **[REDACTED]** | [REDACTED] | Refund | | N/A | $ 0 | $6,372 |
| 26 | **[REDACTED]** | | Refund | | N/A | $ 0 | $6,000 |
| 27 | **[REDACTED]** | [REDACTED] | Refund | | N/A | $ 0 | $5,400 |
| 28 | **[REDACTED]** | [REDACTED] | Refund | | N/A | $ 0 | $5,353 |
| 29 | **Wells Fargo Card Services**<br><br>7000 Vista Dr West Des Moines, IA 50266 | Carla Hawkins<br>T: 303-968-2201 | Trade Payable | | N/A | $ 0 | $5,275 |
| 30 | **[REDACTED]** | [REDACTED] | Refund | | N/A | $ 0 | $5,061 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

In re:                                    :     Chapter 11
                                          :
CACH, LLC,                                :     Case No. 17-_____ (     )
                                          :
                    Debtor.               :     (Joint Administration Pending)

-------------------------------------------------------x

### LIST OF EQUITY HOLDERS AND CORPORATE
### OWNERSHIP STATEMENT OF CACH, LLC,
### PURSUANT TO BANKRUPTCY RULES 1007(a)(3) AND 7007.1

CACH, LLC is a wholly-owned subsidiary of SquareTwo Financial Corporation.

As of February 28, 2017, the following corporate entities own 10% or more of SquareTwo Financial Corporation's equity interests:

| Shareholder | Percentage of Total Shares |
|---|---|
| Apollo Investment Corporation<br>9 West 57th Street<br>New York, NY 10019 | 24.07% of Series A Preferred Stock |
| KKR Financial CLO 2007-1 Ltd.<br>555 California Street, 50th Floor<br>San Francisco, CA 94104 | 10.63% of Series A Preferred Stock |
| Norwest Mezzanine Partners II, L.P.<br>80 South 8th Street, Suite 3600<br>Minneapolis, MN 55402 | 45.55% of Common Stock |
| Pennsylvania Public School Employees' Retirement System<br>5 North 5th Street<br>Harrisburg, PA 17101 | 23.61% of Common Stock |

---

**Fill in this information to identify the case and this filing:**

Debtor Name <u>CACH, LLC</u>

United States Bankruptcy Court for the: <u>Southern</u> District of <u>New York</u>
(State)

Case number (*If known*): <u>17-</u>

---

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐    *Schedule H: Codebtors* (Official Form 206H)

☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    Amended *Schedule* _____

☑    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑    Other document that requires a declaration: <u>List of Equity Holders and Corporate Ownership Statement Pursuant to Bankruptcy Rules 1007(a)(3) and 7007.1</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>03 / 19 / 2017</u>          <u>/s/ J.B. Richardson, Jr.</u>
MM / DD / YYYY                Signature of individual signing on behalf of debtor

<u>J.B. Richardson, Jr.</u>
Printed name

<u>Authorized Signatory</u>
Position or relationship to debtor

---